UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KASTLER,<br><br>        Plaintiff,<br><br>    v.<br><br>OH MY GREEN, INC.,<br><br>        Defendant. | Case No. 19-cv-02411-HSG<br><br>**GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 55 |

Pending before the Court is a motion to withdraw as counsel filed by Javier Torres, attorney for Defendant Oh My Green, Inc ("Oh My Green"). Dkt. No. 55. The motion came on for hearing on November 13, 2020. For the reasons set forth below, the unopposed motion is **GRANTED** subject to the conditions described below.

I. **DISCUSSION**

Javier Torres seeks to withdraw as counsel for Oh My Green on the basis that the attorney-client relationship "has deteriorated to the point where it is impossible for Torres to . . . take the necessary litigation strategies and steps to continue to pursue and protect Oh My Green's best interests, in part because Torres has not received necessary information from Oh My Green." *Id.* at 2–3. Javier Torres also indicates that Oh My Green has failed to abide by the written agreement between Oh My Green and Stinson LLP. *Id.* at 2.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that

1    papers may continue to be served on counsel for forwarding purposes, unless and until the client

2    appears by other counsel or pro se." Civ. L.R. 11-5(b).

3    Withdrawal is also governed by the California Rules of Professional Conduct. *See j2*

4    *Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal.

5    Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the

6    Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various

7    grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to

8    expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has

9    taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client,

10   including giving due notice to the client, allowing time for employment of other counsel,

11   complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-

12   700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property

13   and papers).

14   More broadly, courts assessing a motion to withdraw engage in a balancing of the equities,

15   considering such factors as why counsel seeks to withdraw and whether permitting withdrawal

16   may prejudice other litigants, harm the administration of justice, or delay the case's resolution.

17   *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18,

18   2010) (citing cases).

19   Javier Torres' request to withdraw satisfies the applicable local rules. Javier Torres

20   informed Oh My Green in writing of the pertinent deadlines in the case and provided notice to Oh

21   My Green and Plaintiff of the administrative motion to withdraw. Dkt. No. 55-1 ("Torres Decl.").

22   At the November 13 hearing, a client representative indicated that Oh My Green does not oppose

23   the motion. Similarly, Plaintiff does not oppose the motion. Dkt. No. 57. Based on the record

24   before the Court, the Court is persuaded that counsel filed the motion with a good faith belief that

25   there is good cause for withdrawal.

26   As a business entity, Oh My Green may appear in federal court only through counsel. *See*

27   *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam); Civ. L.R. 3-9(b).

28   Consequently, Oh My Green must obtain new counsel within 30 days of this Order. During this

period, the Court directs Javier Torres to accept service of papers for forwarding to Oh My Green unless and until Oh my Green appears by other counsel. *See* Civil L.R. 11-5(b).

## II. CONCLUSION

Accordingly, Javier Torres' motion to withdraw as counsel for Plaintiff is **GRANTED**, subject to the foregoing conditions. And the Court **STAYS** all deadlines for 30 days.

This order terminates Dkt. No. 55.

**IT IS SO ORDERED.**

Dated: 11/17/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge