Edwin Aiwazian (SBN 232943)
edwin@ calljustice.com
Arby Aiwazian (SBN 269827)
arby@ calljustice.com
Jenay Younger (SBN 327627)
jenay@calljustice.com
Kenyon Harbison (SBN 260416)
kenyon@calljustice.com
**LAWYERS for JUSTICE, PC**
410 Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Attorneys for Plaintiff ANNE KASTLER

Graham B. LippSmith (SBN 221984)
g@lippsmith.com
Celene Chan Andrews (SBN 260267)
cca@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

DAVID R. ONGARO (154698)
dongaro@ongaropc.com
CARA R. SHERMAN (269343)
csherman@ongaropc.com
AMANDA S. GIANNINOTO (326046)
agianninoto@ongaropc.com
**ONGARO PC**
1604 Union Street
San Francisco, CA 94123
Tel: (415) 433-3900 / Fax: (415) 433-3950

Attorneys for Defendant OH MY GREEN, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNE KASTLER, individually, and on behalf of other members of the general public similarly situated;<br><br>                  Plaintiff,<br><br>v.<br><br>OH MY GREEN, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>                  Defendants. | Case No.: 4:19-CV-02411-HSG<br><br>**JOINT STIPULATION AND ORDER GRANTING PLAINTIFF LEAVE TO FILE [PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff Anne Kastler ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and Defendant Oh My Green, Inc. ("Defendant") and (collectively "Parties"), by and through their respective counsel, hereby stipulate as follows:

**WHEREAS**, on February 28, 2019, Plaintiff filed a putative class action complaint in the Superior Court of California, County of San Mateo, as Case No. 19CIV01058, entitled *Anne Kastler v. Oh My Green, Inc.* against Defendant for violations of the California Labor Code (*see* Dkt. No. 1-1);

**WHEREAS**, on May 2, 2019, Defendant filed a Notice of Removal, removing this action to the United States District Court, Northern District of California (Dkt. No. 1);

**WHEREAS**, on May 23, 2019, Plaintiff filed the operative First Amended Complaint (Dkt. No. 15);

**WHEREAS**, on October 25, 2019, the Court denied Plaintiff's Motion to Remand (Dkt. No. 12) and Defendant's Motion to Dismiss (Dkt. No. 21);

**WHEREAS**, on November 8, 2019, Defendant filed an answer to the operative First Amended Complaint (Dkt. No. 41);

**WHEREAS**, counsel for all parties have met and conferred regarding amending the operative complaint to add Saul Andrade and Anthonicia Stallings as an additional named plaintiffs and putative class representatives;

**WHEREAS**, counsel for all parties have agreed to stipulate to the filing of a Second Amended Class Action Complaint for Damages ("Second Amended Complaint");

**WHEREAS**, by stipulating to the filing of a Second Amended Complaint, Defendant does not waive, any substantive or procedural rights or defenses it may have to Plaintiffs' claims and allegations;

**WHEREAS**, attached hereto as **EXHIBIT A** is Plaintiffs' [Proposed] Second Amended Class Action Complaint for Damages;

///

///

1  **WHEREAS**, attached hereto as **EXHIBIT B** is a redlined version of Plaintiffs' [Proposed]

2  Second Amended Class Action Complaint for Damages showing the differences between the First

3  Amended Complaint and the [Proposed] Second Amended Complaint.

4      **IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO**,

5  **THROUGH THEIR RESPECTIVE COUNSEL, AS FOLLOWS:**

6      1.    Plaintiffs may file the attached [Proposed] Second Amended Class Action Complaint

7  for Damages.

8      2.    Defendant shall have thirty (30) days to file and serve its response to Plaintiffs'

9  Second Amended Complaint, which time period shall run from the date of service thereof.

10      Respectfully Submitted,

11  Dated: April 28, 2021        **LIPPSMITH LLP**

12

13  By:   */s/ Graham B. LippSmith*
               Graham B. LippSmith

14                 Celene Chan Andrews

15                 Attorneys for Plaintiff
               ANNE KASTLER

16  Dated: April 28, 2021        **LAWYERS for JUSTICE, PC**

17

18  By:   */s/ Edwin Aiwazian*
               Edwin Aiwazian

19                 Arby Aiwazian
               Jenay Younger

20                 Kenyon Harbison

21                 Attorneys for Plaintiff
               ANNE KASTLER

22

23  Dated: April 28, 2021        **ONGARO PC**

24  By:   */s/ David R. Ongaro*

25                 David R. Ongaro
               Cara R. Sherman

26                 Amanda S. Gianninoto

27                 Attorneys for Defendant
               OH MY GREEN, INC.

28

## CERTIFICATION

Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence of the filing of the **JOINT STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE [PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** has been obtained.

*/s/ Graham B. LippSmith*
Graham B. LippSmith

4

JOINT STIPULATION AND ORDER GRANTING PLAINTIFF LEAVE TO FILE [PROPOSED]
SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES
Case No.: 4:19-cv-02411-HSG

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, I electronically filed a **JOINT STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE [PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system to receive service.

*/s/ Graham B. LippSmith*
Graham B. LippSmith

5

JOINT STIPULATION AND ORDER GRANTING PLAINTIFF LEAVE TO FILE [PROPOSED]
SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES
Case No.: 4:19-cv-02411-HSG

# EXHIBIT A

Edwin Aiwazian (SBN 232943)
edwin@ calljustice.com
Arby Aiwazian (SBN 269827)
arby@ calljustice.com
Jenay Younger (SBN 327627)
jenay@calljustice.com
Kenyon Harbison (SBN 260416)
kenyon@calljustice.com
**LAWYERS for JUSTICE, PC**
410 Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiffs

Graham B. LippSmith (SBN 221984)
g@lippsmith.com
Celene Chan Andrews (SBN 260267)
cca@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE KASTLER, SAUL ANDRADE and ANTHONICIA STALLINGS, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>GARTEN, INC., formerly known as OH MY GREEN, INC., an unknown business entity,<br><br>Defendant. | Case No.:  4:19-CV-02411-HSG<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(8) Violation of California Business & Professions Code §§ 17200, et seq.<br>(9) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiffs ANNE KASTLER, SAUL ANDRADE and ANTHONICIA STALLINGS ("Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action was originally brought in the Superior Court for the County of San Mateo pursuant to California Code of Civil Procedure section 382.

2. This Court has asserted jurisdiction over this action.

3. Upon information and belief, Defendant GARTEN, INC. formerly known as OH MY GREEN, INC. ("Defendant" or "OH MY GREEN") is a Delaware corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendant maintains offices, has agents, and is licensed to transact and does transact business in this District.

## PARTIES

4. Plaintiff ANNE KASTLER is an individual residing in the State of California, County of San Mateo.

5. Plaintiff SAUL ANDRADE is an individual residing in the State of California, County of Alameda.

6. Plaintiff ANTHONICIA STALLINGS is an individual residing in the State of California, County of Marin.

7. Defendant OH MY GREEN, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of San Mateo.

8. At all relevant times, Defendant OH MY GREEN, INC. was the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

9. Defendant OH MY GREEN, INC., now known as GARTEN, INC. will hereinafter collectively be referred to as "Defendant" or "OH MY GREEN."

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10.     Plaintiffs further allege that Defendant directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendant employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

11.     Plaintiffs bring this action on their own behalf and on behalf of all other members of the general public similarly situated, and, thus, seek class certification under Federal Rules of Civil Procedure, Rule 23(a) and Rule 23(b)(3).

12.     The proposed class is defined as follows:

All current and former non-exempt employees who worked for Defendant within California at any time during the period between February 28, 2015 and preliminary approval.

13.     Plaintiffs reserve the right to establish subclasses as appropriate.

14.     The class is ascertainable and there is a well-defined community of interest in the litigation:

        a.      Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment records.

        b.      Typicality: Plaintiffs' claims are typical of all other class members' as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

        c.      Adequacy: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no interest that is antagonistic to the other class members. Plaintiffs'

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1      attorneys, the proposed class counsel, are versed in the rules governing

2      class action discovery, certification, and settlement. Plaintiffs have

3      incurred, and during the pendency of this action will continue to incur,

4      costs and attorneys' fees, that have been, are, and will be necessarily

5      expended for the prosecution of this action for the substantial benefit of

6      each class member.

7      d.    <u>Superiority</u>: A class action is superior to other available methods for the

8      fair and efficient adjudication of this litigation because individual joinder

9      of all class members is impractical.

10     e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action

11     will advance public policy objectives. Employers of this great state violate

12     employment and labor laws every day. Current employees are often afraid

13     to assert their rights out of fear of direct or indirect retaliation. However,

14     class actions provide the class members who are not named in the

15     complaint anonymity that allows for the vindication of their rights.

16    15.    There are common questions of law and fact as to the class members that

17 predominate over questions affecting only individual members. The following common

18 questions of law or fact, among others, exist as to the members of the class:

19     a.    Whether Defendant's failure to pay wages, without abatement or

20     reduction, in accordance with the California Labor Code, was willful;

21     b.    Whether Defendant had a corporate policy and practice of failing to pay

22     their hourly-paid or non-exempt employees within the State of California

23     for all hours worked and missed (short, late, interrupted, and/or missed

24     altogether) meal periods and rest breaks in violation of California law;

25     c.    Whether Defendant required Plaintiffs and the other class members to

26     work over eight (8) hours per day and/or over forty (40) hours per week

27     and failed to pay the legally required overtime compensation to Plaintiffs

28     and the other class members;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

d.   Whether Defendant deprived Plaintiffs and the other class members of meal and/or rest periods or required Plaintiffs and the other class members to work during meal and/or rest periods without compensation;

e.   Whether Defendant failed to maintain complete and accurate records of meal periods taken by Plaintiffs and the other class members;

f.   Whether Defendant failed to pay minimum wages to Plaintiffs and the other class members for all hours worked;

g.   Whether Defendant failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

h.   Whether Defendant failed to timely pay all wages due to Plaintiffs and the other class members during their employment;

i.   Whether Defendant complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

j.   Whether Defendant kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

k.   Whether Defendant failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs;

l.   Whether Defendant's conduct was willful or reckless;

m.   Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

n.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California law; and

o.   Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

16.   Class certification of the First through Eleventh causes of action is appropriate pursuant to Rule 23(b)(3) because of the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  because a class action is superior to other available methods for the fair and efficient

2  adjudication of this litigation. Defendant's common and uniform policies and practices have

3  unlawfully denied Plaintiffs and the other class members meal period premiums for all meal

4  periods that were not provided in compliance with the applicable Industrial Welfare

5  Commission ("IWC") Order and California Labor Code, have denied them rest period

6  premiums for all rest periods that were not provided in compliance with the applicable IWC

7  Order and California Labor Code, have denied them of minimum wages for all hours worked,

8  have denied them payment of their final wages in a timely manner, have denied them of

9  accurate wage statements in compliance with the California Labor Code, have denied them

10  from getting reimbursed for necessary business related expenses, and amount to unfair

11  competition under California Business and Professions Code Sections 17200 et seq. The

12  damages suffered by individual class members are relatively small compared to the expense

13  and burden of individual prosecution of this litigation. For this reason, as well as the fact that

14  class members currently employed by Defendant may fear direct or indirect retaliation from

15  Defendant for prosecuting an action against Defendant, the class members' interests in

16  individually controlling the prosecution of this action is minimal. In addition, a class action in

17  this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality

18  of Defendant's policies, practices, and procedures. Managing this case as a class action will not

19  present difficulties as the parties can utilize approved methods of random statistical sampling

20  and expert testimony at trial.

21      17.     Once class certification is granted, Plaintiffs will send notice to all members of

22  the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil

23  Procedure. Specifically, Plaintiffs will submit a proposed notice to the Court for its approval,

24  stating (i) the nature of this action, (ii) the definition of the certified class, (iii) the class claims,

25  issues, and/or defenses, (iv) that a class member may enter an appearance through an attorney

26  if he or she so desires, (v) that the Court will exclude from the class any member who requests

27  exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a

28  class judgment on class members under Rule 23(c)(3).

**PAGA ALLEGATIONS**

18.    At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendant.

19.    At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

20.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

21.    Plaintiffs were employed by Defendant and the alleged violations were committed against them during their time of employment and they are, therefore, aggrieved employees. Plaintiffs and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendant, and one or more of the alleged violations were committed against them.

22.    Pursuant to California Labor Code section 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements are met:

    a.    The aggrieved employee shall give written notice by online submission (hereafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

    b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violations within sixty (60) calendar

days of the postmark date of the Employee's Notice. Upon receipt of the
LWDA Notice, or if the LWDA Notice is not provided within sixty-five
(65) calendar days of the postmark date of the Employee's Notice, the
aggrieved employee may commence a civil action pursuant to California
Labor Code section 2699 to recover civil penalties in addition to any
other penalties to which the employee may be entitled

23. On April 28, 2021, Plaintiffs provided written notice by online submission to the LWDA and by certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. To date, Plaintiffs have not received a LWDA notice since the date of the submission of Plaintiffs' Notice.

24. Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226(a), 226.3, 226.7, 510, 512, 512(a), 1174, 1174(d), 1194, 1194.2, 1197, 1197.1, 1198, 2800, and 2802 have been satisfied.

## **GENERAL ALLEGATIONS**

25. At all relevant times set forth herein, Defendant employed Plaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, including the County of San Mateo.

26. Defendant, jointly and severally, employed Plaintiff Kastler as an hourly-paid, non-exempt Happiness Crew Member, from approximately November 2017 to approximately January 2018, in the State of California, County of San Mateo. Plaintiff Kastler's job duties included, but were not limited to, merchandising, inventory management, stocking product, preparing displays, cleaning, servicing coffee machines, and quality assurance. Plaintiff Kastler's hourly rate of pay was $16.00.

///
///

27. Defendant, jointly and severally, employed Plaintiff Andrade as an hourly-paid, non-exempt Delivery Crew Member, from approximately June 2017 to approximately February 2018, in the State of California, County of San Mateo. Plaintiff Andrade's job duties included, but were not limited to, loading the company van with inventory, performing deliveries to client sites, and making the deliveries in a timely manner. Plaintiff Andrade's hourly rate of pay was $18.00.

28. Defendant, jointly and severally, employed Plaintiff Stallings as an hourly-paid, non-exempt Delivery Crew Member, from approximately December 2018 to approximately January 2019, in the State of California, County of San Mateo. Plaintiff Stallings' job duties included, but were not limited to, loading the company van with inventory, performing deliveries to client sites, and making the deliveries in a timely manner. Plaintiff Stallings' hourly rate of pay was $20.00.

29. Defendant hired Plaintiffs and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

30. Defendant had the authority to hire and terminate Plaintiffs and the other class members, to set work rules and conditions governing Plaintiffs' and the other class members' employment, and to supervise their daily employment activities.

31. Defendant exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' employment for them to be joint employers of Plaintiffs and the other class members.

32. Defendant directly hired and paid wages and benefits to Plaintiffs and the other class members.

33. Defendant continues to employ hourly-paid or non-exempt employees within the State of California.

34. Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendant.

35.     Plaintiffs are informed and believe, and based thereon allege, that Defendant engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, shortened, late and/or interrupted meal periods and rest breaks in violation of California law.

36.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.  Defendant failed to, *inter alia*, compensate Plaintiffs and the other class members for job duties performed before, during, and/or after their scheduled shifts, such as receiving, reading and responding to work-related messages through Defendant's messaging system on her personal cell phone, and rearranging and/or moving shipment product.

37.     Plaintiffs are informed and believe, and based thereon allege, that Defendant failed to provide Plaintiffs and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

38.     Plaintiffs are informed and believe, and based thereon allege, that Defendant failed to relieve Plaintiffs and other class members of all duties, failed to relinquish control over Plaintiffs and other class members' activities, failed to permit Plaintiffs and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking, thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

39.     Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, shortened, late, and/or interrupted

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, shortened, late, and/or interrupted.

40. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted.

41. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted.

42. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendant's failure to pay minimum wages included, inter alia, Defendant's effective payment of zero dollars per hour for hours Plaintiffs and the other class members worked off the clock performing work duties.

43. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

44. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendant. The deficiencies included, *inter alia*, the failure to include the accurate total number of hours worked by Plaintiffs and the other class members and the accurate total amount of wages earned by Plaintiffs and the other class members.

45. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Defendant had to keep complete and accurate payroll records for Plaintiffs and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records. Defendant's failure included, inter alia, the failure to keep accurate records of the hours worked by Plaintiffs and the other class members and failure to keep accurate records of the meal periods taken by Plaintiffs and the other class members.

46. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that Plaintiffs and the other class members were entitled to reimbursement for necessary business-related expenses.

47. Plaintiffs are informed and believe, and based thereon allege, that Defendant knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California law, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members that they were properly denied wages, all in order to increase Defendant's profits.

48. At all material times set forth herein, Defendant failed to pay overtime wages to Plaintiffs and the other class members for all hours worked. Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

49.     At all material times set forth herein, Defendant failed to provide all requisite uninterrupted meal and rest periods to Plaintiffs and the other class members.

50.     At all material times set forth herein, Defendant failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

51.     At all material times set forth herein, Defendant failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

52.     At all material times set forth herein, Defendant failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

53.     At all material times set forth herein, Defendant failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

54.     At all material times set forth herein, Defendant failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs.

55.     At all material times set forth herein, Defendant failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendant's profits.

56.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## **FIRST CAUSE OF ACTION**

### **(Violation of California Labor Code §§ 510 and 1198)**

### **(Against OH MY GREEN, INC. and DOES 1 through 100)**

57.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

59.     Specifically, the applicable IWC Wage Order provides that Defendant is and was required to pay Plaintiffs and the other class members employed by Defendant, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

60.     The applicable IWC Wage Order further provides that Defendant is and was required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

61.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

62.     During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week performing work duties off-the-clock such as receiving and reviewing work schedules and tasks, reading and responding to work-related messages, moving shipment, monitoring co-workers, inventory management, stocking product, preparing displays, cleaning, and servicing coffee machines amongst other tasks.   By way of example, during the workweek of December 9, 2017 to December 15, 2017, Plaintiff Kastler was not compensated at the overtime rate of pay for all time worked in excess of eight (8) hours per day performing these duties.

63.     During the relevant time period, Defendant intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members, including failing to properly calculate the overtime rate. Plaintiffs and the other class members did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.

64.     Defendant's failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

65.     Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against OH MY GREEN, INC. and DOES 1 through 100)

66.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 65, and each and every part thereof with the same force and effect as though fully set forth herein.

67.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendant.

68.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

69.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

70.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total

hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

71.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

72.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

73.     During the relevant time period, Plaintiffs and the other class members' meal periods were missed, shortened, taken late, and/or were interrupted because Defendant required them to perform work duties including but not limited to receiving and reviewing work schedules, reading and responding to work-related messages, servicing coffee machines, conducting inventory, stocking shelves, moving shipment material, and completing all assigned tasks for each shift.   By way of example, during the week of December 9, 2017 to December 15, 2017, Plaintiff Kastler was not provided with two (2) of the thirty (30) minute, uninterrupted meal periods before the end of her fifth hour of work to which she was entitled.

74.     During the relevant time period, Defendant automatically deducted thirty (30) minutes from Plaintiffs and the other class members' recorded time when they worked a shift exceeding 6 hours and 5 minutes, even when Defendant did not provide Plaintiffs and the other class members with a thirty (30) minute uninterrupted meal period.

75.     During the relevant time period, Defendant failed to keep accurate records of the times at which Plaintiffs and the other class members began their meal period and ended their meal period.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

76.     As a result, Defendant failed to relieve Plaintiffs and the other class members of all duties, failed to relinquish control over Plaintiffs and the other class members' activities, failed to permit Plaintiffs and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours .

77.     During the relevant time period, Defendant intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for all work performed during meal periods.

78.     During the relevant time period, Defendant failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

79.     Defendant's conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

80.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendant one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against OH MY GREEN, INC. and DOES 1 through 100)

81.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 80, and each and every part thereof with the same force and effect as though fully set forth herein.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

82.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendant.

83.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

84.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

85.     During the relevant time period, Plaintiffs and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendant required them to perform work duties including but not limited to receiving and reviewing work schedules, reading and responding to work-related messages, servicing coffee machines, conducting inventory, stocking shelves, moving shipment material, and completing all assigned tasks for each shift.  Defendant failed to schedule rest periods for Plaintiffs and the other class members. By way of example, during the week of December 9, 2017 to December 15, 2017, Plaintiff Kastler was not provided with any of the ten (10) minute, uninterrupted rest periods to which she was entitled.

86.     During the relevant time period, Defendant willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

87.     As a result, Defendant failed to provide, authorize, and/or permit Plaintiffs and the other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) ours, and/or three full uninterrupted, off-duty rest periods

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

88.     During the relevant time period, Defendant willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest premium for work performed during rest periods.

89.     During the relevant time period, Defendant failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

90.     Defendant's conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

91.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendant one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

### FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against OH MY GREEN, INC. and DOES 1 through 100)**

92.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 91, and each and every part thereof with the same force and effect as though fully set forth herein.

93.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

94.     During the relevant time period, Defendant failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.  Defendant's failure to pay minimum wages included, inter alia, Defendant's effective payment of zero dollars per hour for hours Plaintiffs and the other class members worked off the clock performing work duties, such as receiving and reviewing work schedules, reading and responding to work-related messages, servicing coffee machines,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

conducting inventory, stocking shelves, moving shipment material, and completing all assigned tasks for each shift.  By way of example, during the workweek of December 9, 2017 to December 15, 2017, Plaintiff Kastler was not compensated for all time worked performing these duties.

95.    Defendant's failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

96.    Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against OH MY GREEN, INC. and DOES 1 through 100)

97.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 96, and each and every part thereof with the same force and effect as though fully set forth herein.

98.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.  Defendant did not provide Plaintiff Kastler with her final paycheck within seventy-two (72) hours of quitting her employment on or about January 9, 2018.

///
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

99. During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendant their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employ, including but not limited to minimum wages and overtime wages and meal and rest period premium payments.

100. Defendant's failure to pay Plaintiffs and the other class members who are no longer employed by Defendant's their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employ, is in violation of California Labor Code sections 201 and 202.

101. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

102. Plaintiffs and the other class members are entitled to recover from Defendant the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against OH MY GREEN, INC. and DOES 1 through 100)

103. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 102, and each and every part thereof with the same force and effect as though fully set forth herein.

104. At all times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the

period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

105. Defendant has intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the accurate total number of hours worked by Plaintiffs and the other class members, as a result of Defendant's failure to keep accurate records of the total number of hours worked and failure to keep accurate records of meal periods actually taken by Plaintiffs and the other class members.

106. As a result of Defendant's violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiffs and the putative class members' wage statements did not reflect the accurate total number of regular and hours worked, Plaintiffs and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiffs and the putative class members should have been paid, Plaintiffs and the putative class members would have had to engage in discovery and mathematical computations in order to reconstruct the missing information.

107. More specifically, Plaintiffs and the other class members have been injured by Defendant's intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

///

///

108.     California Labor Code section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

109.     California Code of Civil Procedure section 338(a) provides a three year statute of limitations for an action upon a liability created by statute.  Therefore, pursuant to California Labor Code section 226(e) Plaintiffs are entitled to seek their actual damages caused by Defendant's failure to comply with California Labor Code section 226(a).  Plaintiffs' claim for damages is timely because it is brought within the three year statute of limitations.

110.     The other class members who were employed by Defendant during the applicable statute of limitations period for Labor Code section 226(e) penalties are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

111.     Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against OH MY GREEN, INC. and DOES 1 through 100)

112.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113.     At Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    duties or in direct consequence of his or her obedience to the directions of the employer.

2    114.    Plaintiffs and the other class members incurred necessary business-related expenses

3 and costs that were not fully reimbursed by Defendant, including but not limited to the use of

4 personal cell phones for business-related purposes, costs incurred to comply with Defendant's

5 mandatory dress code, and costs incurred using their personal vehicles for work travel.

6

7    115.    Defendant has intentionally and willfully failed to reimburse Plaintiffs and the

8 other class members for all necessary business-related expenses and costs. Plaintiffs and the

9 other class members are entitled to recover from Defendant their business-related expenses and

10 costs incurred during the course and scope of their employment, plus interest accrued from the

11 date on which the employee incurred the necessary expenditures at the same rate as judgments

12 in civil actions in the State of California.

13 **EIGHTH CAUSE OF ACTION**

14 **(Violation of California Labor Code §§ 17200, et seq.)**

15 **(Against OH MY GREEN, INC. and DOES 1 through 100)**

16    116.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

17 through 115, and each and every part thereof with the same force and effect as though fully set

18 forth herein.

19    117.    Defendant's conduct, as alleged herein, has been, and continues to be, unfair,

20 unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendant's

21 competitors. Accordingly, Plaintiffs seek to enforce important rights affecting the public interest

22 within the meaning of Code of Civil Procedure section 1021.5.

23    118.    Defendant's activities as alleged herein are violations of California law, and

24 constitute unlawful business acts and practices in violation of California Business & Professions

25 Code section 17200, et seq.

26    119.    A violation of California Business & Professions Code section 17200, et seq. may

27 be predicated on the violation of any state or federal law. In this instant case, Defendant's

28 policies and practices of requiring employees, including Plaintiffs and the other class members,

to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendant's policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendant's policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendant's policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201, and 202. Defendant also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

120. As a result of the herein described violations of California law, Defendant unlawfully gained an unfair advantage over other businesses.

121. Plaintiffs and the other class members have been personally injured by Defendant's unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

122. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences from four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**EIGHTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2698, et seq.)**

**(Against OH MY GREEN, INC. and DOES 1 through 100)**

123. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 122, and each and every part thereof with the same force and effect as though fully set forth herein.

124. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees for a violation of the

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

125.     Whether the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

126.     Plaintiffs and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code §2699(c) in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

### **Failure to Pay Overtime**

127.     Defendant's failure to pay legally required overtime wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### **Failure to Provide Meal Breaks**

128.     Defendant's failure to provide legally required meal breaks to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### **Failure to Provide Rest Periods**

129.     Defendant's failure to provide legally required rest periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### **Failure to Pay Minimum Wages**

130.     Defendant's failure to pay legally required minimum wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197, and 1197.1.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

131.    Defendant's failure to timely pay wages to Plaintiffs and the other aggrieved employees upon termination or resignation in accordance with California Labor Code sections 201, 202, and 204  constitutes unlawful or unfair activity prohibited by California Labor Code sections 201, 202, and 204.

**Failure to Provide Complete and Accurate Wage Statements**

132.    Defendant's failure to provide complete and accurate wage statements to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 226(a) constitutes unlawful or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

133.    Defendant's failure to keep complete and accurate payroll records relating to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

134.    Defendant's failure to reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful or unfair activity prohibited by California Labor Code sections 2800 and 2802.

135.    Pursuant to California Labor Code section 2699, Plaintiffs, individually, and on behalf of all aggrieved employees, request and are entitled to recover from Defendant and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendant, and each of them, including but not limited to :

a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    employee per period for each subsequent violation;

2    b.    Penalties under California Code of Regulations Title 8 section 11010, et

3    seq. in the amount of fifty dollars ($50) for each aggrieved employee per

4    pay period for the initial violation, and one hundred dollars ($100) for

5    each aggrieved employee per period for each subsequent violation;

6    c.    Penalties under California Labor Code section 210 in addition to, and

7    entirely independent and apart from, any other penalty provided in the

8    California Labor Code in the amount of a hundred dollars ($100) for

9    each aggrieved employee per pay period for the initial violation, and two

10    hundred dollars ($200) for each aggrieved employee per period for each

11    subsequent violation;

12    d.    Any and all additional penalties and sums as provided by the California

13    Labor Code and/or other statutes.

14    136.    Pursuant to California Labor Code section 2699(i), civil penalties recovered by

15    aggrieved employees shall be distributed as follows:  seventy-five percent (75%) to the Labor

16    and Workforce Development Agency for the enforcement of labor laws and education of

17    employers and employees about their rights and responsibilities and twenty-five percent (25%)

18    to the aggrieved employees.

19    137.    Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and

20    costs pursuant to California Labor Code sections 210, 218.5, and 2699 and any other

21    applicable statute.

22    <u>**DEMAND FOR JURY TRIAL**</u>

23    Plaintiffs, individually, and on behalf of other members of the general public similarly

24    situated, request a trial by jury.

25    <u>**PRAYER FOR RELIEF**</u>

26    WHEREFORE, Plaintiffs, individually, and on behalf of other members of the general

27    public similarly situated, pray for relief and judgment against Defendant, jointly and severally,

28    as follows:

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiffs be appointed as the representatives of the Class;

3.      That counsel for Plaintiffs appointed as Class Counsel; and

4.      That Defendant provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

## As to the First Cause of Action

5.      That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.      For such other and further relief as the Court may deem just and proper.

## As to the Second Cause of Action

10.      That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other class members;

11.      That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(b);

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.     For reasonable attorneys' fees and costs of suit incurred herein; and

16.     For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17.     That the Court declare, adjudge and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

18.     That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(b);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27. For liquidated damages pursuant to California Labor Code section 1194.2; and

28. For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

29. That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendant;

30. For all actual, consequential, and incidental losses and damages, according to proof;

31. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs and the other class members who have left Defendant's employ;

32. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33. For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

34. That the Court declare, adjudge and decree that Defendant violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

35. For all actual, consequential, and incidental losses and damages, according to proof;

36. For statutory penalties pursuant to California Labor Code section 226(e);

37. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

38. For such other and further relief as the court may deem just and proper.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

39.     That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For imposition of civil penalties and/or statutory penalties;

42.     For reasonable attorneys' fees and costs of suit incurred herein;

43.     For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

44.     That the Court adjudge and decree that Defendant violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiffs' and the other class members' wages timely as required by California Labor Code section 201, and 202, and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

45.     For restitution of unpaid wages to Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

46.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violation of California Business and Professions Code sections 17200, et seq.;

47.     For reasonable attorney's fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

48.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

49.     For such other and further relief as the Court may deem just and proper.

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**As to the Ninth Cause of Action**

50.     For civil penalties and wages pursuant to California Labor Code sections 2699(a), (f) and (g) plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802

51.     For such other and further relief as the Court may deem just and proper.

Dated: April 28, 2021                    **LIPPSMITH LLP**


By:     */s/ Graham B. LippSmith*
            Graham B. LippSmith
            Celene Chan Andrews

            Attorneys for Plaintiffs

Dated: April 28, 2021                    **LAWYERS for JUSTICE, PC**


By:     */s/ Edwin Aiwazian*
            Edwin Aiwazian
            Arby Aiwazian
            Jenay Younger
            Kenyon Harbison

            Attorneys for Plaintiffs

# EXHIBIT B

Edwin Aiwazian (~~Cal. State Bar No.~~SBN
232943)
~~edwin@lfjpc.com~~
~~Jill J. Parker (Cal. State Bar No. 274230)~~
~~jill@lfjpc.com~~
edwin@ calljustice.com
Arby Aiwazian (SBN 269827)
arby@ calljustice.com
Jenay Younger (SBN 327627)
jenay@calljustice.com
Kenyon Harbison (SBN 260416)
kenyon@calljustice.com
**LAWYERS for JUSTICE, PC**
410 ~~West~~ Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

Graham B. LippSmith (SBN 221984)
g@lippsmith.com
Celene Chan Andrews (SBN 260267)
cca@lippsmith.com
**LIPPSMITH LLP**
555 S. Flower Street, Suite 4400
Los Angeles, California 90071
Tel: (213) 344-1820 / Fax: (213) 513-2495

*Attorneys for ~~Plaintiff~~Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

ANNE KASTLER, SAUL ANDRADE and
ANTHONICIA STALLINGS, individually,
and on behalf of other members of the general
public similarly situated;

           ~~Plaintiff~~     Plaintiffs,

~~vs.~~

v.

GARTEN, INC., formerly known as OH MY
GREEN, INC., an unknown business entity~~,
and DOES 1 through 100, inclusive~~,

           ~~Defendants~~   Defendant.

Case No.: 4:19-CV-02411-HSG

**~~FIRST~~SECOND AMENDED CLASS
ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code
   §§ 510 and 1198 (Unpaid
   Overtime);
(2) Violation of California Labor Code
   §§ 226.7 and 512(a) (Unpaid Meal
   Period Premiums);
(3) Violation of California Labor Code
   § 226.7 (Unpaid Rest Period
   Premiums);
(4) Violation of California Labor Code
   §§ 1194, 1197, and 1197.1 (Unpaid
   Minimum Wages);
(5) Violation of California Labor Code
   §§ 201 and 202 (Final Wages Not
   Timely Paid);
(6) Violation of California Labor Code
   § 226(a) (Non-Compliant Wage
   Statements);
(7) Violation of California Labor Code
   §§ 2800 and 2802 (Unreimbursed

Business Expenses);
(8) Violation of California Business & Professions Code §§ 17200, et seq.
(9) Violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

<s>COMES</s>COME NOW, <s>Plaintiff</s>Plaintiffs ANNE KASTLER <s>("Plaintiff</s>, SAUL ANDRADE and ANTHONICIA STALLINGS ("Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action was originally brought in the Superior Court for the County of San Mateo pursuant to California Code of Civil Procedure section 382. <s>The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).</s>

<s>2.     The Superior Court of the County of San Mateo has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.</s>

2.     <s>The Superior Court of the County of San Mateo has jurisdiction over Defendant because, upon</s>This Court has asserted jurisdiction over this action.

<s>3.     Upon</s> information and belief, Defendant GARTEN, INC. formerly known as OH MY GREEN, INC. ("Defendant" or "OH MY GREEN") is a <s>citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.</s>

4.<s>3.</s>     <s>Venue is proper in the Superior Court of the County of San Mateo because, upon information and belief,</s>Delaware corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendant maintains offices, has agents, <s>employs individuals,</s> and<s>/or transacts business in the State of California, County of San Mateo. The majority of acts</s> is licensed to transact and <s>omissions alleged herein relating</s>

1

1  to Plaintiff and the other class members took place in the State of California, including
2  the County of San Mateo.  At all relevant times, Defendant maintained its
3  headquarters/"nerve center" within the State of California, County of San Mateodoes
4  transact business in this District.

5  **PARTIES**

6  5.4.  Plaintiff ANNE KASTLER is an individual residing in the State of California,
7  County of San Mateo.

8  5.  Plaintiff SAUL ANDRADE is an individual residing in the State of California,
9  County of Alameda.

10  6.  Plaintiff ANTHONICIA STALLINGS is an individual residing in the State of
11  California, County of Marin.

12  6.7.  Defendant OH MY GREEN, INC., at all times herein mentioned, was and is, upon
13  information and belief, an employer whose employees are engaged throughout the State of
14  California, including the County of San Mateo.

15  7.8.  At all relevant times, Defendant OH MY GREEN, INC. was the "employer" of
16  PlaintiffPlaintiffs within the meaning of all applicable California laws and statutes.

17  8.  At all times herein relevant, Defendants OH MY GREEN, INC., and DOES 1
18  through 100, and each of them, were the agents, partners, joint venturers, joint employers,
19  representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns,
20  each of the other, and at all times relevant hereto were acting within the course and scope of
21  their authority as such agents, partners, joint venturers, joint employers, representatives,
22  servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions
23  alleged herein were duly committed with the ratification, knowledge, permission,
24  encouragement, authorization and/or consent of each defendant designated as a DOE herein.

25  9.  The true names and capacities, whether corporate, associate, individual or
26  otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said
27  defendants by such fictitious names.  Plaintiff is informed and believes, and based on that
28  information and belief alleges, that each of the defendants designated as a DOE is legally

2

1  responsible for the events and happenings referred to in this Complaint, and unlawfully caused

2  the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

3  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities

4  when the same have been ascertained.

5  ~~10.~~9.  Defendant OH MY GREEN, INC~~.~~, now known as GARTEN, INC. ~~and DOES 1~~

6  ~~through 100~~ will hereinafter collectively be referred to as "~~Defendants~~Defendant" or "OH MY

7  GREEN."

8  ~~Plaintiff~~///

9  ///

10  ~~11.~~10. Plaintiffs further ~~alleges~~allege that ~~Defendants~~Defendant directly or indirectly

11  controlled or affected the working conditions, wages, working hours, and conditions of

12  employment of ~~Plaintiff~~Plaintiffs and the other class members so as to make each of said

13  ~~Defendants~~Defendant employers liable under the statutory provisions set forth herein.

14  **CLASS ACTION ALLEGATIONS**

15  ~~12.~~11. ~~Plaintiff brings~~Plaintiffs bring this action on ~~her~~their own behalf and on behalf of

16  all other members of the general public similarly situated, and, thus, ~~seeks~~seek class certification

17  under ~~California Code~~Federal Rules of Civil Procedure ~~section 382.~~, Rule 23(a) and Rule

18  23(b)(3).

19  ~~13.~~12.  The proposed class is defined as follows:

20  All current and former ~~hourly-paid or~~ non-exempt employees who worked for ~~any~~

21  ~~of the Defendants~~Defendant within ~~the State of~~ California at any time during the

22  period ~~from~~between February 28, 2015 ~~to final judgment~~ and ~~who currently reside~~

23  ~~in California~~preliminary approval.

24  ~~14.~~13.  ~~Plaintiff reserves~~Plaintiffs reserve the right to establish subclasses as appropriate.

25  ~~15.~~14.  The class is ascertainable and there is a well-defined community of interest in the

26  litigation:

27  a.  Numerosity: The class members are so numerous that joinder of all class

28  members is impracticable.  The membership of the entire class is unknown

3

1     to ~~Plaintiff~~Plaintiffs at this time; however, the class is estimated to be

2     greater than fifty (50) individuals and the identity of such membership is

3     readily ascertainable by inspection of ~~Defendants'~~Defendant's

4     employment records.

5     b.    <u>Typicality</u>: ~~Plaintiff's~~Plaintiffs' claims are typical of all other class

6     members' as demonstrated herein. ~~Plaintiff~~Plaintiffs will fairly and

7     adequately protect the interests of the other class members with whom ~~she~~

8     ~~has~~they have a well-defined community of interest.

9     c.    <u>Adequacy</u>: ~~Plaintiff~~Plaintiffs will fairly and adequately protect the

10     interests of each class member, with whom ~~she has~~they have a well-

11     defined community of interest and typicality of claims, as demonstrated

12     herein. ~~Plaintiff has~~Plaintiffs have no interest that is antagonistic to the

13     other class members. ~~Plaintiff's~~Plaintiffs' attorneys, the proposed class

14     counsel, are versed in the rules governing class action discovery,

15     certification, and settlement. ~~Plaintiff has~~Plaintiffs have incurred, and

16     during the pendency of this action will continue to incur, costs and

17     attorneys' fees, that have been, are, and will be necessarily expended for

18     the prosecution of this action for the substantial benefit of each class

19     member.

20     d.    <u>Superiority</u>: A class action is superior to other available methods for the

21     fair and efficient adjudication of this litigation because individual joinder

22     of all class members is impractical.

23     e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action

24     will advance public policy objectives. Employers of this great state violate

25     employment and labor laws every day. Current employees are often afraid

26     to assert their rights out of fear of direct or indirect retaliation. However,

27     class actions provide the class members who are not named in the

28     complaint anonymity that allows for the vindication of their rights.

1    ~~16.~~15. There are common questions of law and fact as to the class members that
2    predominate over questions affecting only individual members. The following common
3    questions of law or fact, among others, exist as to the members of the class:

4    　　　　a.　　Whether ~~Defendants'~~Defendant's failure to pay wages, without abatement
5    　　　　　　or reduction, in accordance with the California Labor Code, was willful;

6    　　　　b.　　Whether ~~Defendants~~Defendant had a corporate policy and practice of
7    　　　　　　failing to pay their hourly-paid or non-exempt employees within the State
8    　　　　　　of California for all hours worked and missed (short, late, interrupted,
9    　　　　　　and/or missed altogether) meal periods and rest breaks in violation of
10   　　　　　　California law;

11   　　　　c.　　Whether ~~Defendants~~Defendant required ~~Plaintiff~~Plaintiffs and the other
12   　　　　　　class members to work over eight (8) hours per day and/or over forty (40)
13   　　　　　　hours per week and failed to pay the legally required overtime
14   　　　　　　compensation to ~~Plaintiff~~Plaintiffs and the other class members;

15   　　　　d.　　Whether ~~Defendants~~Defendant deprived ~~Plaintiff~~Plaintiffs and the other
16   　　　　　　class members of meal and/or rest periods or required ~~Plaintiff~~Plaintiffs
17   　　　　　　and the other class members to work during meal and/or rest periods
18   　　　　　　without compensation;

19   　　　　e.　　Whether ~~Defendants~~Defendant failed to maintain complete and accurate
20   　　　　　　records of meal periods taken by ~~Plaintiff~~Plaintiffs and the other class
21   　　　　　　members;

22   　　　　f.　　Whether ~~Defendants~~Defendant failed to pay minimum wages to
23   　　　　　　~~Plaintiff~~Plaintiffs and the other class members for all hours worked;

24   　　　　g.　　Whether ~~Defendants~~Defendant failed to pay all wages due to
25   　　　　　　~~Plaintiff~~Plaintiffs and the other class members within the required time
26   　　　　　　upon their discharge or resignation;

27   　　　　h.　　Whether ~~Defendants~~Defendant failed to timely pay all wages due to
28   　　　　　　~~Plaintiff~~Plaintiffs and the other class members during their employment;

i.    Whether ~~Defendants~~Defendant complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

j.    Whether ~~Defendants~~Defendant kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

k.    Whether ~~Defendants~~Defendant failed to reimburse ~~Plaintiff~~Plaintiffs and the other class members for necessary business-related expenses and costs;

l.    Whether ~~Defendants'~~Defendant's conduct was willful or reckless;

m.    Whether ~~Defendants~~Defendant engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

n.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from ~~Defendants'~~Defendant's violation of California law; and

o.    Whether ~~Plaintiff~~Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

16.    Class certification of the First through Eleventh causes of action is appropriate pursuant to Rule 23(b)(3) because of the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices have unlawfully denied Plaintiffs and the other class members meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them payment of their final wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair

6

competition under California Business and Professions Code Sections 17200 et seq. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendant may fear direct or indirect retaliation from Defendant for prosecuting an action against Defendant, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendant's policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

17. Once class certification is granted, Plaintiffs will send notice to all members of the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs will submit a proposed notice to the Court for its approval, stating (i) the nature of this action, (ii) the definition of the certified class, (iii) the class claims, issues, and/or defenses, (iv) that a class member may enter an appearance through an attorney if he or she so desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

## PAGA ALLEGATIONS

18. At all times herein set forth, PAGA was applicable to Plaintiffs' employment by Defendant.

19. At all times herein set forth, PAGA provides that any provision of law under the California Labor Code that provides for a civil penalty, including unpaid wages and premium wages, to be assessed and collected by the LWDA for violations of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code section 2699.3.

20. Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved

7

employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

21. Plaintiffs were employed by Defendant and the alleged violations were committed against them during their time of employment and they are, therefore, aggrieved employees. Plaintiffs and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendant, and one or more of the alleged violations were committed against them.

22. Pursuant to California Labor Code section 2699.3 and 2699.5, an aggrieved employee, including Plaintiff, may pursue a civil action arising under PAGA after the following requirements are met:

a. The aggrieved employee shall give written notice by online submission (hereafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b. The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violations within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled

23. On April 28, 2021, Plaintiffs provided written notice by online submission to the LWDA and by certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. To date, Plaintiffs have not received a LWDA notice since the date of the submission

of Plaintiffs' Notice.

24. Therefore, the administrative prerequisites under California Labor Code section 2699.3(a) to recover civil penalties, in addition to other remedies, for violations of California Labor Code sections 201, 202, 203, 204, 210, 218.5, 218.6, 223, 225.5, 226, 226(a), 226.3, 226.7, 510, 512, 512(a), 1174, 1174(d), 1194, 1194.2, 1197, 1197.1, 1198, 2800, and 2802 have been satisfied.

**GENERAL ALLEGATIONS**

17.25. At all relevant times set forth herein, DefendantsDefendant employed PlaintiffPlaintiffs and other persons as hourly-paid or non-exempt employees within the State of California, including the County of San Mateo.

18.26. DefendantsDefendant, jointly and severally, employed Plaintiff Kastler as an hourly-paid, non-exempt Happiness Crew Member, from approximately November 2017 to approximately January 2018, in the State of California, County of San Mateo. Plaintiff'sPlaintiff Kastler's job duties included, but were not limited to, merchandising, inventory management, stocking product, preparing displays, cleaning, servicing coffee machines, and quality assurance.[[]] Plaintiff's Plaintiff Kastler's hourly rate of pay was $16.00.

Defendants hired Plaintiff///

///

27. Defendant, jointly and severally, employed Plaintiff Andrade as an hourly-paid, non-exempt Delivery Crew Member, from approximately June 2017 to approximately February 2018, in the State of California, County of San Mateo. Plaintiff Andrade's job duties included, but were not limited to, loading the company van with inventory, performing deliveries to client sites, and making the deliveries in a timely manner. Plaintiff Andrade's hourly rate of pay was $18.00.

28. Defendant, jointly and severally, employed Plaintiff Stallings as an hourly-paid, non-exempt Delivery Crew Member, from approximately December 2018 to approximately January 2019, in the State of California, County of San Mateo. Plaintiff Stallings' job duties

included, but were not limited to, loading the company van with inventory, performing deliveries to client sites, and making the deliveries in a timely manner. Plaintiff Stallings' hourly rate of pay was $20.00.

19.29. Defendant hired Plaintiffs and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20.30. DefendantsDefendant had the authority to hire and terminate PlaintiffPlaintiffs and the other class members, to set work rules and conditions governing Plaintiff'sPlaintiffs' and the other class members' employment, and to supervise their daily employment activities.

21.31. DefendantsDefendant exercised sufficient authority over the terms and conditions of Plaintiff'sPlaintiffs' and the other class members' employment for them to be joint employers of PlaintiffPlaintiffs and the other class members.

22.32. DefendantsDefendant directly hired and paid wages and benefits to PlaintiffPlaintiffs and the other class members.

23.33. Defendants continueDefendant continues to employ hourly-paid or non-exempt employees within the State of California.

24.34. PlaintiffPlaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with DefendantsDefendant.

Plaintiff is

25.35. Plaintiffs are informed and believesbelieve, and based thereon allegesallege, that DefendantsDefendant engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, shortened, late and/or interrupted meal periods and rest breaks in violation of California law.

26.36. Plaintiff isPlaintiffs are informed and believesbelieve, and based thereon allegesallege, that DefendantsDefendant knew or should have known that PlaintiffPlaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

Defendant failed to, *inter alia*, compensate ~~Plaintiff~~Plaintiffs and the other class members for job duties performed before, during, and/or after their scheduled shifts, such as receiving, reading and responding to work-related messages through ~~Defendants'~~Defendant's messaging system on her personal cell phone, and rearranging and/or moving shipment product.

~~27.~~37. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Defendants~~Defendant failed to provide ~~Plaintiff~~Plaintiffs and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

~~28.~~38. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Defendants~~Defendant failed to relieve ~~Plaintiff~~Plaintiffs and other class members of all duties, failed to relinquish control over ~~Plaintiff~~Plaintiffs and other class members' activities, failed to permit ~~Plaintiff~~Plaintiffs and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking, thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours.

~~29.~~39. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Plaintiff~~Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at ~~Plaintiff's~~Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, shortened, late, and/or interrupted and they did not receive all meal periods or payment of one additional hour of pay at ~~Plaintiff's~~Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, shortened, late, and/or interrupted.

~~30.~~40. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon ~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Plaintiff~~Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at ~~Plaintiff's~~Plaintiffs' and the other class members' regular rate of pay when a rest

period was missed, shortened, late, and/or interrupted, and they did not receive all rest periods

or payment of one additional hour of pay at ~~Plaintiff's~~Plaintiffs' and the other class members'

regular rate of pay when a rest period was missed, shortened, late, and/or interrupted.

~~31.~~41. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon

~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Plaintiff~~Plaintiffs and

the other class members were entitled to receive all rest periods or payment of one additional

hour of pay at ~~Plaintiff's~~Plaintiffs' and the other class members' regular rate of pay when a rest

period was missed, shortened, late, and/or interrupted  and they did not receive all rest periods

or payment of one additional hour of pay at ~~Plaintiff's~~Plaintiffs' and the other class members'

regular rate of pay when a rest period was missed, shortened, late, and/or interrupted.

~~32.~~42. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon

~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Plaintiff~~Plaintiffs and

the other class members were entitled to receive at least minimum wages for compensation and

that they were not receiving at least minimum wages for all hours worked.

~~Defendants'~~Defendant's failure to pay minimum wages included, inter alia,

~~Defendants'~~Defendant's effective payment of zero dollars per hour for hours ~~Plaintiff~~Plaintiffs

and the other class members worked off the clock performing work duties.

~~33.~~43. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon

~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Plaintiff~~Plaintiffs and

the other class members were entitled to receive all wages owed to them upon discharge or

resignation, including overtime and minimum wages and meal and rest period premiums, and

they did not, in fact, receive all such wages owed to them at the time of their discharge or

resignation.

~~34.~~44. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon

~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Plaintiff~~Plaintiffs and

the other class members were entitled to receive complete and accurate wage statements in

accordance with California law, but, in fact, they did not receive complete and accurate wage

statements from ~~Defendants~~Defendant.  The deficiencies included, *inter alia*, the failure to

1  include the accurate total number of hours worked by ~~Plaintiff~~Plaintiffs and the other class

2  members and the accurate total amount of wages earned by ~~Plaintiff~~Plaintiffs and the other class

3  members.

4  ~~35.~~45. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon

5  ~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Defendants~~Defendant

6  had to keep complete and accurate payroll records for ~~Plaintiff~~Plaintiffs and the other class

7  members in accordance with California law, but, in fact, did not keep complete and accurate

8  payroll records. ~~Defendants'~~Defendant's failure included, inter alia, the failure to keep accurate

9  records of the hours worked by ~~Plaintiff~~Plaintiffs and the other class members and failure to

10 keep accurate records of the meal periods taken by ~~Plaintiff~~Plaintiffs and the other class

11 members.

12 ~~36.~~46. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon

13 ~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that ~~Plaintiff~~Plaintiffs and

14 the other class members were entitled to reimbursement for necessary business-related expenses.

15 ~~37.~~47. ~~Plaintiff is~~Plaintiffs are informed and ~~believes~~believe, and based thereon

16 ~~alleges~~allege, that ~~Defendants~~Defendant knew or should have known that they had a duty to

17 compensate ~~Plaintiff~~Plaintiffs and the other class members pursuant to California law, and that

18 ~~Defendants~~Defendant had the financial ability to pay such compensation, but willfully,

19 knowingly, and intentionally failed to do so, and falsely represented to ~~Plaintiff~~Plaintiffs and

20 the other class members that they were properly denied wages, all in order to increase

21 ~~Defendants'~~Defendant's profits.

22 ~~38.~~48. At all material times set forth herein, ~~Defendants~~Defendant failed to pay overtime

23 wages to ~~Plaintiff~~Plaintiffs and the other class members for all hours worked. ~~Plaintiff~~Plaintiffs

24 and the other class members were required to work more than eight (8) hours per day and/or

25 forty (40) hours per week without overtime compensation for all overtime hours worked.

26

27 ~~39.~~49. At all material times set forth herein, ~~Defendants~~Defendant failed to provide all

28 requisite uninterrupted meal and rest periods to ~~Plaintiff~~Plaintiffs and the other class members.

1   40.50. At all material times set forth herein, ~~Defendants~~Defendant failed to pay

2   ~~Plaintiff~~Plaintiffs and the other class members at least minimum wages for all hours worked.

3   41.51. At all material times set forth herein, ~~Defendants~~Defendant failed to pay

4   ~~Plaintiff~~Plaintiffs and the other class members all wages owed to them upon discharge or

5   resignation.

6   42.52. At all material times set forth herein, ~~Defendants~~Defendant failed to provide

7   complete or accurate wage statements to ~~Plaintiff~~Plaintiffs and the other class members.

8   43.53. At all material times set forth herein, ~~Defendants~~Defendant failed to keep

9   complete or accurate payroll records for ~~Plaintiff~~Plaintiffs and the other class members.

10  44.54. At all material times set forth herein, ~~Defendants~~Defendant failed to reimburse

11  ~~Plaintiff~~Plaintiffs and the other class members for all necessary business-related expenses and

12  costs.

13  45.55. At all material times set forth herein, ~~Defendants~~Defendant failed to properly

14  compensate ~~Plaintiff~~Plaintiffs and the other class members pursuant to California law in order

15  to increase ~~Defendants'~~Defendant's profits.

16  46.56. California Labor Code section 218 states that nothing in Article 1 of the Labor

17  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due

18  to him [or her] under this article."

19  **FIRST CAUSE OF ACTION**

20  **(Violation of California Labor Code §§ 510 and 1198)**

21  **(Against OH MY GREEN, INC. and DOES 1 through 100)**

22  47.57. ~~Plaintiff incorporates~~Plaintiffs incorporate by reference the allegations contained

23  in Paragraphs 1 through ~~46~~56, and each and every part thereof with the same force and effect as

24  though fully set forth herein.

25  48.58. California Labor Code section 1198 and the applicable Industrial Welfare

26  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

27  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

28  rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

14

1   49.59. Specifically, the applicable IWC Wage Order provides that ~~Defendants~~
2   ~~are~~Defendant is and ~~were~~was required to pay ~~Plaintiff~~Plaintiffs and the other class members
3   employed by ~~Defendants~~Defendant, and working more than eight (8) hours in a day or more
4   than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in
5   excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

6   50.60. The applicable IWC Wage Order further provides that ~~Defendants are~~Defendant
7   is and ~~were~~was required to pay ~~Plaintiff~~Plaintiffs and the other class members overtime
8   compensation at a rate of two times their regular rate of pay for all hours worked in excess of
9   twelve (12) hours in a day.

10  51.61. California Labor Code section 510 codifies the right to overtime compensation at
11  one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in
12  a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of
13  work, and to overtime compensation at twice the regular hourly rate for hours worked in excess
14  of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

15  52.62. During the relevant time period, ~~Plaintiff~~Plaintiffs and the other class members
16  worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week
17  performing work duties off-the-clock such as receiving and reviewing work schedules and tasks,
18  reading and responding to work-related messages, moving shipment, monitoring co-workers,
19  inventory management, stocking product, preparing displays, cleaning, and servicing coffee
20  machines amongst other tasks. By way of example, during the workweek of December 9, 2017
21  to December 15, 2017, Plaintiff Kastler was not compensated at the overtime rate of pay for all
22  time worked in excess of eight (8) hours per day performing these duties.

23  53.63. During the relevant time period, ~~Defendants~~Defendant intentionally and willfully
24  failed to pay overtime wages owed to ~~Plaintiff~~Plaintiffs and the other class members, including
25  failing to properly calculate the overtime rate. Plaintiffs and the other class members did not
26  receive overtime compensation at one and one-half times their regular hourly rate of pay for all
27  hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a
28  week or for the first eight (8) hours worked on the seventh day of work.

1 ~~Defendants'~~

2 ~~54.~~64. Defendant's failure to pay ~~Plaintiff~~Plaintiffs and the other class members the

3 unpaid balance of overtime compensation, as required by California laws, violates the provisions

4 of California Labor Code sections 510 and 1198, and is therefore unlawful.

5 ~~55.~~65. Pursuant to California Labor Code section 1194, ~~Plaintiff~~Plaintiffs and the other

6 class members are entitled to recover unpaid overtime compensation, as well as interest, costs,

7 and attorneys' fees.

8 **SECOND CAUSE OF ACTION**

9 **(Violation of California Labor Code §§ 226.7 and 512(a))**

10 **(Against OH MY GREEN, INC. and DOES 1 through 100)**

11 ~~56.~~66. ~~Plaintiff incorporates~~Plaintiffs incorporate by reference the allegations contained

12 in paragraphs 1 through ~~55~~65, and each and every part thereof with the same force and effect as

13 though fully set forth herein.

14 ~~57.~~67. At all relevant times, the IWC Order and California Labor Code sections 226.7

15 and 512(a) were applicable to ~~Plaintiff's~~Plaintiffs' and the other class members' employment

16 by ~~Defendants~~Defendant.

17 ~~58.~~68. At all relevant times, California Labor Code section 226.7 provides that no

18 employer shall require an employee to work during any meal or rest period mandated by an

19 applicable order of the California IWC.

20 ~~59.~~69. At all relevant times, the applicable IWC Wage Order and California Labor Code

21 section 512(a) provide that an employer may not require, cause or permit an employee to work

22 for a work period of more than five (5) hours per day without providing the employee with a

23 meal period of not less than thirty (30) minutes, except that if the total work period per day of the

24 employee is no more than six (6) hours, the meal period may be waived by mutual consent of

25 both the employer and employee.

26 ~~60.~~70. At all relevant times, the applicable IWC Wage Order and California Labor Code

27 section 512(a) further provide that an employer may not require, cause or permit an employee

28 to work for a work period of more than ten (10) hours per day without providing the employee

with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

~~61.~~71. During the relevant time period, ~~Plaintiff~~Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

~~62.~~72. During the relevant time period, ~~Plaintiff~~Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

~~63.~~73. During the relevant time period, Plaintiffs and the other class members' meal periods were missed, shortened, taken late, and/or were interrupted because ~~Defendants~~Defendant required them to perform work duties including but not limited to receiving and reviewing work schedules, reading and responding to work-related messages, servicing coffee machines, conducting inventory, stocking shelves, moving shipment material, and completing all assigned tasks for each shift. By way of example, during the week of December 9, 2017 to December 15, 2017, Plaintiff Kastler was not provided with two (2) of the thirty (30) minute, uninterrupted meal periods before the end of her fifth hour of work to which she was entitled.

~~64.~~74. During the relevant time period, ~~Defendants~~Defendant automatically deducted thirty (30) minutes from ~~Plaintiff~~Plaintiffs and the other class members' recorded time when they worked a shift exceeding 6 hours and 5 minutes, even when ~~Defendants~~Defendant did not provide ~~Plaintiff~~Plaintiffs and the other class members with a thirty (30) minute uninterrupted meal period.

~~65.~~75. During the relevant time period, ~~Defendants~~Defendant failed to keep accurate

1    records of the times at which ~~Plaintiff~~Plaintiffs and the other class members began their meal

2    period and ended their meal period.

3    ///

4    ///

5         66.76.  As a result, ~~Defendants~~Defendant failed to relieve ~~Plaintiff~~Plaintiffs and the other

6    class members of all duties, failed to relinquish control over ~~Plaintiff~~Plaintiffs and the other

7    class members' activities, failed to permit ~~Plaintiff~~Plaintiffs and the other class members a

8    reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute

9    uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at

10   least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later

11   than their tenth hour of work for shifts lasting more than ten (10) hours .

12        67.77.  During the relevant time period, ~~Defendants~~Defendant intentionally and willfully

13   required ~~Plaintiff~~Plaintiffs and the other class members to work during meal periods and failed

14   to compensate ~~Plaintiff~~Plaintiffs and the other class members the full meal period premium for

15   all work performed during meal periods.

16        68.78.  During the relevant time period, ~~Defendants~~Defendant failed to pay

17   ~~Plaintiff~~Plaintiffs and the other class members the full meal period premium due pursuant to

18   California Labor Code section 226.7.

19        69.79.  ~~Defendants'~~Defendant's conduct violates applicable IWC Wage Order and

20   California Labor Code sections 226.7 and 512(a).

21        70.80.  Pursuant to applicable IWC Wage Order and California Labor Code section

22   226.7(b),  ~~Plaintiff~~Plaintiffs and the other class members are entitled to recover from

23   ~~Defendants~~Defendant one additional hour of pay at the employee's regular rate of compensation

24   for each work day that the meal or rest period is not provided.

25                      **THIRD CAUSE OF ACTION**

26              **(Violation of California Labor Code § 226.7)**

27         **(Against OH MY GREEN, INC. and DOES 1 through 100)**

28        71.81.  ~~Plaintiff incorporates~~Plaintiffs incorporate by reference the allegations contained

in paragraphs 1 through ~~70~~80, and each and every part thereof with the same force and effect as though fully set forth herein.

///

///

72.82. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to ~~Plaintiff's~~Plaintiffs' and the other class members' employment by ~~Defendants~~Defendant.

73.83. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

74.84. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

75.85. During the relevant time period, ~~Plaintiff~~Plaintiffs and the other class members' rest periods were missed, shortened, late, and/or interrupted because ~~Defendants~~Defendant required them to perform work duties including but not limited to receiving and reviewing work schedules, reading and responding to work-related messages, servicing coffee machines, conducting inventory, stocking shelves, moving shipment material, and completing all assigned tasks for each shift. ~~Defendants~~Defendant failed to schedule rest periods for ~~Plaintiff~~Plaintiffs and the other class members. By way of example, during the week of December 9, 2017 to December 15, 2017, Plaintiff Kastler was not provided with any of the ten (10) minute, uninterrupted rest periods to which she was entitled.

76.86. During the relevant time period, ~~Defendants~~Defendant willfully required ~~Plaintiff~~Plaintiffs and the other class members to work during rest periods and failed to pay ~~Plaintiff~~Plaintiffs and the other class members the full rest period premium for work performed

19

during rest periods.

77.87. As a result, ~~Defendants~~Defendant failed to provide, authorize, and/or permit ~~Plaintiff~~Plaintiffs and the other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) ours, and/or three full uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

78.88. During the relevant time period, ~~Defendants~~Defendant willfully required ~~Plaintiff~~Plaintiffs and the other class members to work during rest periods and failed to pay ~~Plaintiff~~Plaintiffs and the other class members the full rest premium for work performed during rest periods.

79.89. During the relevant time period, ~~Defendants~~Defendant failed to pay ~~Plaintiff~~Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

80.90. ~~Defendants'~~Defendant's conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

81.91. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), ~~Plaintiff~~Plaintiffs and the other class members are entitled to recover from ~~Defendants~~Defendant one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

///

///

///

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against OH MY GREEN, INC. and DOES 1 through 100)**

82.92. ~~Plaintiff incorporates~~Plaintiffs incorporate by reference the allegations contained

in paragraphs 1 through ~~81~~91, and each and every part thereof with the same force and effect as though fully set forth herein.

~~83.~~93. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

~~84.~~94. During the relevant time period, ~~Defendants~~Defendant failed to pay minimum wage to ~~Plaintiff~~Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. ~~Defendants'~~Defendant's failure to pay minimum wages included, inter alia, ~~Defendants'~~Defendant's effective payment of zero dollars per hour for hours ~~Plaintiff~~Plaintiffs and the other class members worked off the clock performing work duties, such as receiving and reviewing work schedules, reading and responding to work-related messages, servicing coffee machines, conducting inventory, stocking shelves, moving shipment material, and completing all assigned tasks for each shift. By way of example, during the workweek of December 9, 2017 to December 15, 2017, Plaintiff Kastler was not compensated for all time worked performing these duties.

~~85.~~95. ~~Defendants'~~Defendant's failure to pay ~~Plaintiff~~Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections ~~Plaintiff~~Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

~~86.~~96. Pursuant to California Labor Code section 1194.2, ~~Plaintiff~~Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

///

## **FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against OH MY GREEN, INC. and DOES 1 through 100)**

87.97.  ~~Plaintiff incorporates~~Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through ~~86~~96, and each and every part thereof with the same force and effect as though fully set forth herein.

88.98.  At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. ~~Defendants~~Defendant did not provide Plaintiff Kastler with her final paycheck within seventy-two (72) hours of quitting her employment on or about January 9, 2018.

///

///

89.99.  During the relevant time period, ~~Defendants~~Defendant intentionally and willfully failed to pay ~~Plaintiff~~Plaintiffs and the other class members who are no longer employed by ~~Defendants~~Defendant their wages, earned and unpaid, within seventy-two (72) hours of their leaving ~~Defendants'~~Defendant's employ, including but not limited to minimum wages and overtime wages and meal and rest period premium payments.

90.100.  ~~Defendants'~~Defendant's failure to pay ~~Plaintiff~~Plaintiffs and the other class members who are no longer employed by ~~Defendants'~~Defendant's their wages, earned and unpaid, within seventy-two (72) hours of their leaving ~~Defendants'~~Defendant's employ, is in violation of California Labor Code sections 201 and 202.

91.101.  California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

92.102.    PlaintiffPlaintiffs and the other class members are entitled to recover from DefendantsDefendant the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against OH MY GREEN, INC. and DOES 1 through 100)

93.103.    Plaintiff incorporatesPlaintiffs incorporate by reference the allegations contained in paragraphs 1 through 92102, and each and every part thereof with the same force and effect as though fully set forth herein.

94.104.    At all times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

95.105.    Defendants haveDefendant has intentionally and willfully failed to provide PlaintiffPlaintiffs and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the accurate total number of hours worked by PlaintiffPlaintiffs and the other class members, as a result of Defendants'Defendant's failure to keep accurate records of the total number of hours worked and failure to keep accurate records of meal periods actually taken by PlaintiffPlaintiffs and the other class members.

1      ~~96.~~106.      As a result of ~~Defendants'~~Defendant's violation of California Labor Code
2 section 226(a), ~~Plaintiff~~Plaintiffs and the other class members have suffered injury and damage to
3 their statutorily-protected rights. Because ~~Plaintiff~~Plaintiffs and the putative class members' wage
4 statements did not reflect the accurate total number of regular and hours worked, ~~Plaintiff~~Plaintiffs
5 and the putative class members were unable to determine the total amount of hours they worked,
6 were unable to determine the total amount of compensation they were owed, and were unable to
7 verify they were paid the proper amount.  In order to determine how much ~~Plaintiff~~Plaintiffs and
8 the putative class members should have been paid, ~~Plaintiff~~Plaintiffs and the putative class
9 members would have had to engage in discovery and mathematical computations in order to
10 reconstruct the missing information.

11      ~~97.~~107.      More specifically, ~~Plaintiff~~Plaintiffs and the other class members have
12 been injured by ~~Defendants'~~Defendant's intentional and willful violation of California Labor
13 Code section 226(a) because they were denied both their legal right to receive, and their
14 protected interest in receiving, accurate and itemized wage statements pursuant to California
15 Labor Code section 226(a).

16 _///_

17 _///_

18      ~~98.~~108.      California Labor Code section 226(e) provides that an employee suffering
19 injury as a result of a knowing and intentional failure by an employer to comply with California
20 Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars
21 ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per
22 employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of
23 four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's
24 fees.

25      ~~99.~~109.      California Code of Civil Procedure section 338(a) provides a three year
26 statute of limitations for an action upon a liability created by statute.  Therefore, pursuant to
27 California Labor Code section 226(e) ~~Plaintiff is~~Plaintiffs are entitled to seek ~~his~~their actual
28 damages caused by ~~Defendants'~~Defendant's failure to comply with California Labor Code

section 226(a). ~~Plaintiff's~~Plaintiffs' claim for damages is timely because it is brought within the three year statute of limitations.

~~100.~~110.    The other class members who were employed by ~~Defendants~~Defendant during the applicable statute of limitations period for Labor Code section 226(e) penalties are entitled to recover from ~~Defendants~~Defendant the greater of their actual damages caused by ~~Defendants'~~Defendant's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

~~101.~~111.    ~~Plaintiff~~Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

**<u>SEVENTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against OH MY GREEN, INC. and DOES 1 through 100)**

~~102.~~112.    ~~Plaintiff incorporates~~Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through ~~101~~111, and each and every part thereof with the same force and effect as though fully set forth herein.

~~103.~~113.    At Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

~~104.~~114.    ~~Plaintiff~~Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by ~~Defendants~~Defendant, including but not limited to the use of personal cell phones for business-related purposes, costs incurred to comply with ~~Defendants'~~Defendant's mandatory dress code, and costs incurred using their personal vehicles for work travel.

~~Defendants have~~

~~105.~~115.    Defendant has intentionally and willfully failed to reimburse ~~Plaintiff~~Plaintiffs and the other class members for all necessary business-related expenses and

costs. ~~Plaintiff~~Plaintiffs and the other class members are entitled to recover from ~~Defendants~~Defendant their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 17200, et seq.)

### (Against OH MY GREEN, INC. and DOES 1 through 100)

~~106.~~116.    ~~Plaintiff incorporates~~Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through ~~105~~115, and each and every part thereof with the same force and effect as though fully set forth herein.

~~107.~~117.    ~~Defendants'~~Defendant's conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to ~~Plaintiff~~Plaintiffs, other class members, to the general public, and ~~Defendants'~~Defendant's competitors. Accordingly, ~~Plaintiff seeks~~Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

~~108.~~118.    ~~Defendants'~~Defendant's activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

~~109.~~119.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, ~~Defendants'~~Defendant's policies and practices of requiring employees, including ~~Plaintiff~~Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, ~~Defendants'~~Defendant's policies and practices of requiring employees, including ~~Plaintiff~~Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). ~~Defendants'~~Defendant's policies and practices of failing to pay minimum wages violate

California Labor Code sections 1194, 1197, and 1197.1. Moreover, ~~Defendants'~~Defendant's

policies and practices of failing to timely pay wages to ~~Plaintiff~~Plaintiffs and the other class

members violate California Labor Code sections 201, and 202. ~~Defendants~~Defendant also

violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

~~110.~~120. As a result of the herein described violations of California law,

~~Defendants~~Defendant unlawfully gained an unfair advantage over other businesses.

~~111.~~121. ~~Plaintiff~~Plaintiffs and the other class members have been personally

injured by ~~Defendants'~~Defendant's unlawful business acts and practices as alleged herein,

including but not necessarily limited to the loss of money and/or property.

~~112.~~122. Pursuant to California Business & Professions Code sections 17200, et

seq., ~~Plaintiff~~Plaintiffs and the other class members are entitled to restitution of the wages

withheld and retained by ~~Defendants~~Defendant during a period that commences from four years

preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code

of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

### EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2698, et seq.)

### (Against OH MY GREEN, INC. and DOES 1 through 100)

123. Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 122, and each and every part thereof with the same force and effect as though fully set

forth herein.

124. PAGA expressly establishes that any provision of the California Labor Code

which provides for a civil penalty to be assessed and collected by the LWDA, or any of its

departments, divisions, commissions, boards, agencies, or employees for a violation of the

California Labor Code, may be recovered through a civil action brought by an aggrieved

employee on behalf of himself or herself, and other current or former employees.

125. Whether the LWDA, or any of its departments, divisions, commissions, boards,

agencies, or employees has discretion to assess a civil penalty, a court in a civil action is

authorized to exercise the same discretion, subject to the same limitations and conditions, to

assess a civil penalty.

126.    Plaintiffs and the other hourly-paid or non-exempt employees are "aggrieved employees" as defined by California Labor Code §2699(c) in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

127.    Defendant's failure to pay legally required overtime wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Breaks

128.    Defendant's failure to provide legally required meal breaks to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

129.    Defendant's failure to provide legally required rest periods to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

130.    Defendant's failure to pay legally required minimum wages to Plaintiffs and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197, and 1197.1.

///

///

### Failure to Timely Pay Wages During Employment

131.    Defendant's failure to timely pay wages to Plaintiffs and the other aggrieved employees upon termination or resignation in accordance with California Labor Code sections 201, 202, and 204  constitutes unlawful or unfair activity prohibited by California Labor Code sections 201, 202, and 204.

**Failure to Provide Complete and Accurate Wage Statements**

132.  Defendant's failure to provide complete and accurate wage statements to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 226(a) constitutes unlawful or unfair activity prohibited by California Labor Code section 226(a).

**Failure to Keep Complete and Accurate Payroll Records**

133.  Defendant's failure to keep complete and accurate payroll records relating to Plaintiffs and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful or unfair activity prohibited by California Labor Code section 1174(d).

**Failure to Reimburse Necessary Business-Related Expenses and Costs**

134.  Defendant's failure to reimburse Plaintiffs and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful or unfair activity prohibited by California Labor Code sections 2800 and 2802.

135.  Pursuant to California Labor Code section 2699, Plaintiffs, individually, and on behalf of all aggrieved employees, request and are entitled to recover from Defendant and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all statutory penalties against Defendant, and each of them, including but not limited to :

       a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per period for each subsequent violation;

       b.    Penalties under California Code of Regulations Title 8 section 11010, et seq. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per period for each subsequent violation;

1        c.     Penalties under California Labor Code section 210 in addition to, and

2        entirely independent and apart from, any other penalty provided in the

3        California Labor Code in the amount of a hundred dollars ($100) for

4        each aggrieved employee per pay period for the initial violation, and two

5        hundred dollars ($200) for each aggrieved employee per period for each

6        subsequent violation;

7        d.     Any and all additional penalties and sums as provided by the California

8        Labor Code and/or other statutes.

9    136.   Pursuant to California Labor Code section 2699(i), civil penalties recovered by

10 aggrieved employees shall be distributed as follows:  seventy-five percent (75%) to the Labor

11 and Workforce Development Agency for the enforcement of labor laws and education of

12 employers and employees about their rights and responsibilities and twenty-five percent (25%)

13 to the aggrieved employees.

14    137.   Further, Plaintiffs are entitled to seek and recover reasonable attorneys' fees and

15 costs pursuant to California Labor Code sections 210, 218.5, and 2699 and any other

16 applicable statute.

17                      **DEMAND FOR JURY TRIAL**

18    ~~Plaintiff~~Plaintiffs, individually, and on behalf of other members of the general public

19 similarly situated, ~~requests~~request a trial by jury.

20                      **PRAYER FOR RELIEF**

21    WHEREFORE, ~~Plaintiff~~Plaintiffs, individually, and on behalf of other members of the

22 general public similarly situated, ~~prays~~pray for relief and judgment against

23 ~~Defendants~~Defendant, jointly and severally, as follows:

24                      **Class Certification**

25    1.    That this action be certified as a class action;

26    2.    That ~~Plaintiff~~Plaintiffs be appointed as the ~~representative~~representatives of the

27 Class;

28    3.    That counsel for ~~Plaintiff~~Plaintiffs be appointed as Class Counsel; and

1    4.    That ~~Defendants~~Defendant provide to Class Counsel immediately the names and

2    most current/last known contact information (address, e-mail and telephone numbers) of all class

3    members.

4

5                              **As to the First Cause of Action**

6    5.    That the Court declare, adjudge and decree that ~~Defendants~~Defendant violated

7    California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully

8    failing to pay all overtime wages due to ~~Plaintiff~~Plaintiffs and the other class members;

9    6.    For general unpaid wages at overtime wage rates and such general and special

10   damages as may be appropriate;

11   7.    For pre-judgment interest on any unpaid overtime compensation commencing

12   from the date such amounts were due;

13   8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14   California Labor Code section 1194; and

15   9.    For such other and further relief as the Court may deem just and proper.

16                             **As to the Second Cause of Action**

17   10.   That the Court declare, adjudge and decree that ~~Defendants~~Defendant violated

18   California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully

19   failing to provide all meal periods (including second meal periods) to ~~Plaintiff~~Plaintiffs and the

20   other class members;

21   11.   That the Court make an award to ~~Plaintiff~~Plaintiffs and the other class members

22   of one (1) hour of pay at each employee's regular rate of compensation for each workday that a

23   meal period was not provided;

24

25   12.   For all actual, consequential, and incidental losses and damages, according to

26   proof;

27   13.   For premium wages pursuant to California Labor Code section 226.7(b);

28   14.   For pre-judgment interest on any unpaid wages from the date such amounts were

1  due;

2  15.  For reasonable attorneys' fees and costs of suit incurred herein; and

3  16.  For such other and further relief as the Court may deem just and proper.

4  **As to the Third Cause of Action**

5  17.  That the Court declare, adjudge and decree that ~~Defendants~~Defendant violated

6  California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to

7  provide all rest periods to ~~Plaintiff~~Plaintiffs and the other class members;

8  18.  That the Court make an award to ~~Plaintiff~~Plaintiffs and the other class members

9  of one (1) hour of pay at each employee's regular rate of compensation for each workday that a

10  rest period was not provided;

11  19.  For all actual, consequential, and incidental losses and damages, according to

12  proof;

13  20.  For premium wages pursuant to California Labor Code section 226.7(b);

14  21.  For pre-judgment interest on any unpaid wages from the date such amounts were

15  due; and

16  22.  For such other and further relief as the Court may deem just and proper.

17  **As to the Fourth Cause of Action**

18  23.  That the Court declare, adjudge and decree that ~~Defendants~~Defendant violated

19  California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum

20  wages to ~~Plaintiff~~Plaintiffs and the other class members;

21  24.  For general unpaid wages and such general and special damages as may be

22  appropriate;

23  25.  For pre-judgment interest on any unpaid compensation from the date such

24  amounts were due;

25  26.  For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26  California Labor Code section 1194(a);

27  27.  For liquidated damages pursuant to California Labor Code section 1194.2; and

28  28.  For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

29.    That the Court declare, adjudge and decree that ~~Defendants~~Defendant violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of ~~Plaintiff~~Plaintiffs and the other class members no longer employed by ~~Defendants~~Defendant;

30.    For all actual, consequential, and incidental losses and damages, according to proof;

31.    For statutory wage penalties pursuant to California Labor Code section 203 for ~~Plaintiff~~Plaintiffs and the other class members who have left ~~Defendants'~~Defendant's employ;

32.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.    For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

34.    That the Court declare, adjudge and decree that ~~Defendants~~Defendant violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to ~~Plaintiff~~Plaintiffs and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.    For all actual, consequential, and incidental losses and damages, according to proof;

36.    For statutory penalties pursuant to California Labor Code section 226(e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

38.    For such other and further relief as the court may deem just and proper.

**As to the Seventh Cause of Action**

39.    That the Court declare, adjudge and decree that ~~Defendants~~Defendant violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse ~~Plaintiff~~Plaintiffs and the other class members for all necessary business-related expenses as

required by California Labor Code sections 2800 and 2802;

40. For actual, consequential and incidental losses and damages, according to proof;

41. For imposition of civil penalties and/or statutory penalties;

42. For reasonable attorneys' fees and costs of suit incurred herein;

43. For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

44. That the Court adjudge and decree that ~~Defendants~~Defendant violated California Business and Professions Code sections 17200, et seq. by failing to provide ~~Plaintiff~~Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to ~~Plaintiff~~Plaintiffs and the other class members, failing to pay at least minimum wages to ~~Plaintiff~~Plaintiffs and the other class members, failing to pay ~~Plaintiff's~~Plaintiffs' and the other class members' wages timely as required by California Labor Code section 201, and 202, and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

45. For restitution of unpaid wages to ~~Plaintiff~~Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

46. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from ~~Defendants~~Defendant and determined to have been wrongfully acquired by ~~Defendants~~Defendant as a result of violation of California Business and Professions Code sections 17200, et seq.;

47. For reasonable attorney's fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

48. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

49. For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

50. For civil penalties and wages pursuant to California Labor Code sections 2699(a),

34

(f) and (g) plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802

51. For such other and further relief as the Court may deem just and proper.

Dated: May 24, 2019 April 28, 2021

**LIPPSMITH LLP**

By: */s/ Graham B. LippSmith*
Graham B. LippSmith
Celene Chan Andrews

Attorneys for Plaintiffs

Dated: April 28, 2021 **LAWYERS for JUSTICE, PC**

By: */s/ Edwin Aiwazian*
Edwin Aiwazian
Arby Aiwazian
Jenay Younger
Kenyon Harbison

Attorneys for Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs

# ORDER

Pursuant to the above Stipulation and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

The Court hereby grants Plaintiff leave to file a Second Amended Class Action Complaint.

Defendant shall have thirty (30) days to file and serve its response to Plaintiffs' Second

Amended Complaint, which time period shall run from the date of service thereof.

**IT IS SO ORDERED.**

Dated: _____4/29/2021_____

Honorable Haywood S. Gilliam, Jr.

United States District Judge